UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE OWENS,

    Plaintiff,

v.                                                                                          Case No. 06-11682

DETROIT MEDICAL CENTER                                       HONORABLE AVERN COHN
and HARPER HOSPITAL

    Defendants.

_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING CASE[1]

I. Introduction

This is an employment discrimination case. Plaintiff Diane Owens, proceeding pro se, was an employee of defendant Harper Hospital. She claims that she was wrongfully discharged after she filed a complaint with the Equal Employment Opportunity Commission (EEOC) and was discriminated against her on the basis of her race (African-American). She is suing Harper Hospital and the Detroit Medical Center.

Before the Court is defendants' motion to dismiss on the grounds that the complaint is untimely. Owens has filed a response. For the reasons that follow, the motion is GRANTED and the case is DISMISSED.

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

II.  Background

In October 2001, Owens filed a charge of race discrimination with the EEOC against Harper Hospital.  In January 2002, Harper Hospital learned that Owens had been falsifying time records[2] and placed her on final warning.  On February 26, 2002, the EEOC sent Owens a dismissal of her October charge.  On March 29, 2002, Owens was terminated for again violating the attendance policy.

In June 2002, Owens filed a second charge with the EEOC claiming that she was terminated in retaliation for her previous charge, in violation of Title VII.  On August 13, 2002, the EEOC sent Owens a dismissal and notice of rights.

On April 7, 2006, Owens filed a complaint against defendants claiming wrongful discharge and retaliation and race discrimination under Title VII.

III.  Legal Standard

When analyzing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take a plaintiff's well-pleaded allegations as true.  Miree v. DeKalb County, 433 U.S. 25, 27 n.1 (1977).  "[W]hen an allegation is capable of more than one inference, it must be construed in the plaintiff's favor."  Sinay v. Lawson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

---

[2]Apparently, Owens signed in at her office location at times much earlier than the time she swiped into the parking structure and building.

IV.  Analysis

Before bringing suit in federal court, a plaintiff claiming employment discrimination on the basis of race or national origin under Title VII must have filed a timely charge of discrimination with the EEOC and received a right-to-sue letter.  42 U.S.C. § 2000e-5(e)(1); Amini v. Oberlin Coll., 259 F.3d 493, 498 (6th Cir. 2001).  In addition, the complaint must have been filed within ninety days of the date of the EEOC right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1).  This rule is strictly enforced.  See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir. 2000).

Here, Owens says in her response that she received her right-to-sue notice on March 1, 2002; however, attached to defendants' motion papers is a copy of her right-to-sue letter which is dated August 13, 2002.  The Court of Appeals for the Sixth Circuit has held that the right-to-sue letter is deemed received five days after it is mailed, absent proof to the contrary.  Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557-58 (6th Cir.2000).  Accordingly, the ninety day time period began on August 18, 2002 (five days after the right-to-sue letter was dated and mailed) and expired ninety days later, on November 18, 2002.  Owens did not file her complaint until April 6, 2006, over three years later.  Thus, her complaint is time-barred.

In Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982), the Supreme Court held that a violation of the Title VII ninety-day filing mandate is "subject to waiver, estoppel, and equitable tolling."  Id. at 392-98.  Owens, however, does not offer any evidence or explanation as to why the ninety-day time limit should be waiver or tolled.  She instead maintains that she timely filed her complaint and cites a Michigan statute,

M.C.L. § 600.5801 which is a statute of limitations for actions pertaining to the recovery or possession of land.  That statute does not apply to Owen's claims under Title VII which are subject to the ninety day filing requirement

 Overall, Owens failed to file her complaint within ninety days of receiving her right-to-sue letter.  As such, it must be dismissed.

 SO ORDERED.

          s/Avern Cohn
          AVERN COHN
          UNITED STATES DISTRICT JUDGE

Dated:  June 12, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 12, 2006, by electronic and/or ordinary mail.

          s/Julie Owens
          Case Manager
          (313) 234-5160